**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

| | |
|---|---|
| MIRTAU ARISTE,<br><br>　　　　　　　　Plaintiff,<br>v.<br>CARFINANCE CAPITAL, LLC,<br>　　　　　　　　Defendant. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>DEMAND FOR JURY TRIAL |

Mirtau Ariste ("Plaintiff"), by and through the undersigned counsel, hereby alleges the following against defendant CarFinance Capital, LLC ("CarFinance") ("Defendant") based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**PRELIMINARY STATEMENT**

1.　This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (the "FCRA").

2.　Non-Defendants Equifax and TransUnion, LLC ("TransUnion") have been reporting inaccurate information on Plaintiff's CarFinance account, based on information that CarFinance furnished to Equifax and TransUnion. Plaintiff submitted a written dispute through Equifax's and TransUnion's FCRA compliance channels. Equifax and TransUnion, in turn, notified CarFinance of Plaintiff's dispute. Plaintiff's dispute triggered defendant CarFinance's statutory obligation to conduct an investigation and correct the reporting. Nevertheless, despite receiving notice of Plaintiff's dispute, CarFinance failed to conduct an investigation and correct the reporting.

1

3. As a result of Defendant's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress. Accordingly, Plaintiff is entitled to statutory, actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PARTIES

4. Plaintiff resides in Broward County, Florida, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

5. Defendant CarFinance is a foreign corporation that regularly conducts business in this District. CarFinance qualifies as a "furnisher" of credit information under the FCRA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

7. Venue is proper in this District under 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

**CarFinance**

8. Defendant CarFinance has been furnishing inaccurate payment status information concerning Plaintiff's auto loan account, which was then reported on Plaintiff's TransUnion and Equifax credit reports.

9. Specifically, although the account was closed and had a $0 balance, Defendant reported that the payment status of the account was 30-59 Days Late.

10. This reporting was materially misleading because it conveyed that Plaintiff was currently delinquent on payments, when that was not the case.

11. On Apr 21, 2020, Plaintiff disputed the reporting by submitting written disputes through TransUnion's and Equifax's FCRA compliance departments.

12. TransUnion and Equifax, in turn and as required by federal statute, notified CarFinance of Plaintiff's disputes.

13. The receipt of the disputes triggered CarFinance's obligation to conduct an investigation and correct the misleading reporting.

14. CarFinance, however, failed to conduct an investigation and failed to correct the misleading reporting.

15. Plaintiff was later denied an extension of credit based on information contained in Plaintiff's Equifax reports, which included the inaccurate information on the CarFinance account.

16. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

17. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

### COUNT I

### Against Defendant for Violations of the FCRA, 15 U.S.C. §1681s-2(b)

18. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

19. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows. *See* 15 U.S.C. § 1681s-2(b).

20. Defendant failed to conduct timely and reasonable investigations into the veracity of their reporting after receiving notice of Plaintiff's disputes from Equifax and TransUnion.

21. Moreover, instead of removing the inaccurate reporting, Defendant improperly verified that the information being reported was accurate.

22. Defendant's misconduct was a direct and proximate cause of the damages suffered by Plaintiff. As a result of their misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

23. Accordingly, Plaintiff is entitled to actual, statutory, and punitive damages under 15 U.S.C. §§1681n and 1681o.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b. awarding attorney's fees and costs, and other relief; and

c. awarding such other relief as to this Court may seem just and proper.

DATED: October 2, 2020

**COHEN & MIZRAHI LLP**
YOSEF STEINMETZ
FLORIDA BAR NO. 119968

　　　　　　　　　　*/s/ Yosef Steinmetz*
　　　　　　　　　　YOSEF STEINMETZ

300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
yosef@cml.legal

*Attorneys for Plaintiff*